## B. F. GOODRICH CO. *v.* UNITED STATES.

No. 158.  Argued January 3, 4, 1944.—Decided January 31, 1944.

*Mr. William H. Bemis,* with whom *Mr. Howard F. Burns* was on the brief, for petitioner.

*Mr. Valentine Brookes,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr.,* and *Messrs. Sewall Key, J. Louis Monarch,* and *Warren F. Wattles* were on the brief, for the United States.

MR. JUSTICE BLACK delivered the opinion of the Court.

This is a suit for refund of a portion of the manufacturers' excise tax on tires paid by the Pacific Goodrich Rubber Company, petitioner's wholly owned subsidiary, pursuant to § 602 of the Revenue Act of 1932.[1] The District Court's judgment was for the Government, 48 F. Supp. 453, and the Circuit Court of Appeals affirmed.

---

[1] "Sec. 602.  Tax on Tires and Inner Tubes.

"There is hereby imposed upon the following articles sold by the manufacturer, producer, or importer, a tax at the following rates:

"(1) Tires wholly or in part of rubber, 2¼ cents a pound on total weight . . ."  Revenue Act of 1932, c. 209, 47 Stat. 169, 261.

135 F. 2d 456. Certiorari was granted on a petition which alleged that the Circuit Court's affirmance rested on its erroneous decision of procedural questions. We were asked in the petition to pass upon these issues: (1) Whether there was a material variance between the claim which had been denied by the Commissioner and that sued upon in the District Court. See R. S. § 3226, as amended; *United States* v. *Andrews,* 302 U. S. 517. (2) Whether, if there was such a variance, it had been, or could have been, waived by the Government in the proceedings in the District Court. See *United States* v. *Garbutt Oil Co.,* 302 U. S. 528. Argument at the bar and in the briefs of both parties was not, however, limited to these narrow procedural problems but also dealt with the merits of the claim for refund. This argument has disclosed that, regardless of the procedural questions, the judgment in favor of the Government can be supported on the ground that under the controlling tax statutes petitioner's claim has no merit. See *Helvering* v. *Gowran,* 302 U. S. 238, 245. We pass at once to a consideration of that decisive issue.

Petitioner claims it is entitled to the tax refund under provisions of the Agricultural Adjustment Act.[2] Section 9 (a) of that Act authorized the imposition of a "processing tax" on the "first domestic processing" of basic agricultural commodities, including cotton. A proviso at the end of the section granted to manufacturers of certain products, including tires, a deduction from the excise tax on those products because of the payment of the "processing tax" on the cotton used in them.[3] Another sec-

---

[2] 48 Stat. 31.

[3] *"Provided,* That upon any article upon which a manufacturers' sales tax is levied under the authority of the Revenue Act of 1932 and which manufacturers' sales tax is computed on the basis of weight, such manufacturers' sales tax shall be computed on the basis of the weight of said finished article less the weight of the processed cotton

tion of the Act, § 16, imposed a different tax, equal to the processing tax, on articles held in floor stocks on a certain date for sale or other disposition which articles had been "processed wholly or in chief value" from a basic agricultural commodity.[4] This latter section did not grant any deduction from the manufacturers' excise tax because of the floor stocks tax. Nevertheless when the Pacific Goodrich Rubber Company computed its manufacturers' excise tax on tires it claimed deduction on account of the tax which it had paid on floor stocks of cotton fabrics. The Commissioner disallowed the deduction on the ground that, while deductions were allowable for cotton on which a "processing tax" had been paid under § 9 (a), they were not allowable for cotton on which a tax on floor stocks had been paid under § 16. This suit is based on the premise that the deduction proviso of § 9 (a) should be read into § 16.

---

contained therein on which a processing tax has been paid." 48 Stat. 36. Although the coverage of this proviso was not specifically limited to the excise tax on tires, the proviso came into § 9 (a) as a Senate floor amendment introduced "to avoid an unduly burdensome tax on automobile tires." 77 Cong. Rec. 1959. The view was expressed on the floor of the Senate that, except for the proposed amendment, the cotton used in tires would be twice taxed by weight; once by the processing tax on cotton, and again by the excise tax on tires. 77 Cong. Rec. 1960. See Note 1, *supra.*

[4] Section 16, entitled "Floor Stocks," read in part as follows: "Sec. 16. (a) Upon the sale or other disposition of any article processed wholly or in chief value from any commodity with respect to which a processing tax is to be levied, that on the date the tax first takes effect . . . with respect to the commodity, is held for sale or other disposition . . . by any person, there shall be made a tax adjustment as follows:

"(1) Whenever the processing tax first takes effect, there shall be levied . . . a tax to be paid by such person equivalent to the amount of the processing tax which would be payable with respect to the commodity from which processed if the processing had occurred on such date." 48 Stat. 40.

Within the literal meaning of the Agricultural Adjustment Act a tax on floor stocks was not a "processing tax," and therefore the proviso in § 9 (a) which spoke only of a "processing tax" on cotton was not literally applicable to the tax on floor stocks imposed under § 16. The tax on floor stocks, though complementing the processing tax, was not a tax upon the "processing" of an agricultural commodity but upon articles already processed from such a commodity and held for sale or other disposition on the date when the processing tax on the commodity went into effect. Although the literal language of the Act does not authorize the deduction which it claims, petitioner contends that the purpose of Congress to relieve tire manufacturers from so-called "double taxation" on cotton contained in tires will be defeated [5] unless we read into § 16 the proviso of § 9 (a).

With this contention we cannot agree. In the form in which the Agricultural Adjustment Act was introduced in Congress, neither § 9 (a), which authorized the "processing tax," nor § 16, which authorized the floor stocks tax, contained a proviso granting a deduction from the manufacturers' excise tax.[6] But § 16 of the bill did provide that under specified circumstances taxpayers subject to the floor stocks tax would be entitled to a tax adjustment in the nature of a refund.[7] When the bill was under consideration in the Senate, § 9 (a) was amended by adding a pro-

---

[5] See Note 3, *supra*.

[6] Senate Hearings on H. R. 3835, 73d Cong., 1st Sess., pp. 1, 3, 6.

[7] Section 16 (a) (2) of the original bill, subsequently enacted without amendment, provided that, "Whenever the processing tax is wholly terminated, there shall be refunded to such person a sum . . . in an amount equivalent to the processing tax with respect to the commodity from which processed." In reporting on § 16 the House Committee on Agriculture stated that, "A corresponding refund is provided on floor stocks when the processing tax finally terminates." H. R. Rep. No. 6, 73d Cong., 1st Sess., 6.

viso [8] which authorized an adjustment on account of the "processing tax" in the nature of a deduction from the manufacturers' excise tax. Thus the bill as finally enacted provided one type of adjustment for the floor stocks tax in § 16 and a different type of adjustment for the processing tax in § 9 (a). We have been pointed to nothing in the Act as a whole or its legislative history which shows that Congress considered these separate methods of adjusting the two taxes insufficient to prevent the burden of "double taxation" on the tire manufacturers so far as Congress wanted to prevent it. We cannot say, therefore, that the expressed intention of Congress is defeated by a literal interpretation of the Act which declines to read the proviso of § 9 (a) into § 16.[9] The judgment of the Circuit Court is accordingly

*Affirmed.*

---

[8] The proviso, originally introduced as an amendment to § 9 (a), authorized an adjustment to be computed by deducting from the manufacturers' excise taxes on certain articles, including tires, "an amount equal to the processing tax paid on the cotton used therein." 77 Cong. Rec. 1959. Subsequently the method of computing the permissible deduction was altered. See Conference Report accompanying H. R. 3835, printed as H. R. Report No. 100, 73d Cong., 1st Sess., 3; see also Note 3, *supra.*

[9] Cf. *Moore* v. *Goodyear Tire & Rubber Co.,* 141 F. 2d 328.