**CARMACK et al. v. SCOFIELD.**

No. 14068.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

Muckleroy McDonald, San Antonio, Tex., for appellants.

S. Dee Hanson, Ellis N. Slack, Sp. Assts. to Atty. Gen., Charles S. Lyon, Asst. Atty. Gen., C. F. Herring, U. S. Atty., San Antonio, Tex., Thomas James, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

The question presented by this appeal is whether an amended claim for refund filed with the Commissioner of Internal Revenue seeking a refund of income tax paid by appellants as additional income tax for the year 1944, contained the same grounds for recovery as appellants asserted upon trial of a suit for refund, filed pursuant to § 3772(a)(1) of the Internal Revenue Code, 26 U.S.C.A. § 3772(a)(1).

Appellants, hereinafter referred to as taxpayers, filed amended joint income tax returns for the years 1944 and 1945, in which they reported as income for those years "poker winnings" in the amounts of $5,000 and $6,500, respectively, and paid the additional tax shown to be due thereon. The amended return for the year 1944 was accepted as filed, but an additional deficiency was proposed by the Commissioner for the year 1945, based upon taxpayers' increase in net worth during that year. Taxpayers resisted the proposed additional assessment for 1945, and petitioned the Tax Court for a redetermination. The Tax Court sustained the Commissioner's finding in part; held that taxpayers had grossly understated their income for 1945, and assessed a deficiency in tax accordingly. This Court affirmed the judgment of the Tax Court. Carmack v. Commissioner, 5 Cir., 183 F.2d 1. The Supreme Court denied certiorari. 340 U.S. 875, 71 S.Ct. 121, 95 L.Ed. 636.

During the pendency of the litigation concerning their 1945 income tax liability, taxpayers filed a claim for refund in reference to the additional tax paid for 1944 upon their amended return. The claim merely recited the facts that: taxpayers had not reported any income from poker winnings on their original return for 1944, but had reported such income on their amended return; that the Commissioner had computed their 1945 income on the basis of increase in net worth during that year; that the Commissioner had refused to consider the $5,000 as an asset on hand January 1, 1945, and that the claim was being filed solely for the purpose of tolling the limitations for filing such claim. An amended claim for refund was filed on November 15, 1949, which was substantially identical to the original claim, except that it included an additional sum as interest paid, summarized taxpayers' efforts to obtain relief from the proposed additional assessment for 1945, and stated that the $5,000 additional income reported on the amended 1944 income tax return was held by the taxpayers in the form of cash on December 31, 1944.

On April 25, 1951, more than six months having expired since the date the amended claim for refund was filed,[1] taxpayers instituted this action, alleging, in addition to the facts stated above, that since the Commissioner and the Courts have held that they did not have any cash in their possession on January 1, 1945, and thereby taxed them on an amount of income greater by $5,000 than their actual income *for 1945*, "they have a better right to recover the additional tax paid for the year 1944 than the defendant has to retain it." In answer, appellee admitted substantially all the facts alleged in the complaint, but denied that taxpayers had alleged in their claims that the Commissioner and the Tax Court had held that they did not have *any* cash in their possession on January 1, 1945, and denied that taxpayers were entitled to recovery of the additional tax paid for 1944.

The case was called for trial before the Court and a jury. In response to the Court's inquiry as to the fact issue upon which taxpayers would rely, their counsel replied:

"The fact issue which the plaintiffs will rely on in this case is whether or not the plaintiffs had net poker winnings [in any amount] for the taxable year of 1944."

The Court held that this ground for recovery is at variance with the grounds for recovery relied upon by taxpayers in their claim for refund, as amended. In view of this holding and taxpayers' election to rely solely upon the ground stated, the Court instructed the jury to return a verdict for appellee. Judgment was entered accordingly.

 The filing of a timely claim for refund is a statutory prerequisite to a suit to recover taxes alleged to have been illegally collected. 26 U.S.C.A. § 3772(a)(1); U. S. v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025. The principal requirement of the statute,

---

**1.** Taxpayers were not notified of the rejection of their claim, as amended, until June 1, 1951.

362

supra, and regulations supplementary thereto,[2] is that the Commissioner be apprised by the timely filing of a claim of the exact basis upon which the claim for refund is predicated. U. S. v. Pierotti, 9 Cir., 154 F.2d 758. A taxpayer is not permitted to advance one ground for refund in his claim filed with the Commissioner and thereafter rely upon an entirely different ground in a subsequent suit for refund, but is confined to the scope of the grounds for refund asserted in his claim filed with the Commissioner. J. P. Stevens Engraving Co. v. U. S., 5 Cir., 53 F.2d 1; Snead v. Elmore, 5 Cir., 59 F.2d 312; B. F. Goodrich v. U. S., 9 Cir., 135 F.2d 456, affirmed on other grounds 321 U.S. 126, 64 S.Ct. 471, 88 L.Ed. 602; Ney v. U. S., 8 Cir., 171 F.2d 449. Exceptions to this rule are not material here. See Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253. The wisdom of the rule was explained by this Court in Snead v. Elmore, supra, where we pointed out that its purpose is to permit the Commissioner to correct claimed errors in the first instance and, if disagreement persists, to limit the litigation to the issues which have been re-examined by the Commissioner and which he is prepared to defend.

Taxpayers submit, however, that there is no variance between the grounds set out in the complaint and those alleged in the amended claim, and that the fact issue upon which they seek to rely is consistent with the allegations of both the claim and the complaint. A careful analysis of taxpayers' amended claim for refund and complaint discloses that their claimed basis for recovery of the additional tax paid for 1944 is one of theory rather than of fact. They have not denied, and do not now deny, except by indirection, that they realized gambling gains of $5,000 in 1944, but they theorize that since the Commissioner and the Courts have rejected their contention that they had this sum in cash on January 1, 1945, and by doing so have caused them to pay tax "on an amount greater by $5,000 than their actual income" for 1945, they are entitled to recover the tax paid

for the year in which they actually received the income, 1944.

■ While we are in doubt as to whether these contentions state a valid basis, or claim for refund, we are not called upon to determine that question. It is clear that they are not sufficient to state a claim, or to raise an issue, as to whether taxpayers received net income from gambling in any amount in 1944, particularly in view of the fact that taxpayers did not allege in either their claim or their complaint that they did not receive such income and have failed to allege any facts which show that the additional tax paid for 1944 was not due and owing.

The trial Court properly held that taxpayers were confined to the grounds for refund stated in their claim and complaint, and that these could not be enlarged upon trial to include an additional basis for refund which had not previously been asserted. Since taxpayers elected to rely solely upon their newly asserted contention that they did not receive net income from gambling in 1944, the Court did not err in instructing the jury to return a verdict for appellee.

Judgment affirmed.

2. Treasury Regulations 111, Sec. 29.322-3, as amended.