**Hermina SPENGER, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. 35751.**

United States District Court,
N. D. California, S. D.
July 14, 1958.

**642**

Richard O. Graw, Berkeley, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Los Angeles, Cal., Lynn J. Gillard, Asst. U. S. Atty., San Francisco, Cal., of counsel, for defendant.

PALMIERI, District Judge.

1. The stipulation entered into between the parties (Plaintiff's Exhibit No. 1), and the exhibits annexed thereto, are adopted by the Court as its Findings of Fact as though fully set forth herein. A copy of the stipulation and its exhibits is annexed hereto.

Conclusions of Law

1. The Court has jurisdiction over the parties and of the subject matter of the suit.

2. In the claim for refund filed with the Commissioner (Exhibit 1 annexed to the Stipulation), and in the complaint (Paragraph 19), plaintiff contends that the total payment to W. O. Files should be allowed as a deduction in computing gross income as a cost of goods sold. During oral argument, at the conclusion of the trial, and in the Memo-

randum of Points and Authorities, however, plaintiff contended that it was irrelevant whether the payment to Files was a deduction for cost of goods sold in computing gross income under Int. Rev.Code § 22(a) (1939), 26 U.S.C.A. § 22(a), or was a deduction from gross income as an expense of carrying on the business of the Frank Spenger Co. under Int.Rev.Code § 23(a) (1) (A) (1939), 26 U.S.C.A. § 23(a) (1) (A). The payment to Files was in no event an expense under the latter section. U.S. Treas. Reg. 118, § 39.23(a)–1. To the extent that the payment was a prepayment for goods which were not delivered, taxpayer has suffered a loss, deductible under Int.Rev.Code § 23(e) (1) (1939). Lewellyn v. Electric Reduction Co., 1927, 275 U.S. 243, 48 S.Ct. 63, 72 L.Ed. 262. Plaintiff has failed, however, to prove the year in which the loss was sustained, and cannot recover, therefore, on the ground that the payment should have been allowed as a deduction for a loss. Lewellyn v. Electric Reduction Co., supra. Furthermore, in a suit for a refund of taxes paid, the ground for recovery must be the same as that alleged in the claim for refund filed with the Commissioner. B. F. Goodrich Co. v. United States, 9 Cir., 1943, 135 F.2d 456, 461, affirmed 1944, 321 U.S. 126, 64 S.Ct. 471, 88 L.Ed. 602. Accordingly, plaintiff may prevail only if the total payment to Files is properly includible in the cost of goods sold as a deduction in computing gross income.

3. The full amount of the payment made by the Frank Spenger Co. to W. O. Files may not be included in the cost of goods sold. Since there was delivered to Spenger only one-tenth of the liquor ordered, the Commissioner has permitted the deduction of only one-tenth of the payment to Files and reduced plaintiff's gross income accordingly. The remaining portion of the payment is properly allocable to the 450 cases which were never delivered. This portion may not be considered a cost of goods sold since it relates to merchandise never received by the Frank Speng-.

er Co. and never available for sale by it. U.S.Treas.Reg. 118, § 39.22(a)–5; G. E. Fuller, 1953, 20 T.C. 308, 316, affirmed 10 Cir., 1954, 213 F.2d 102.

4. Since this portion of the payment is not properly deductible as a cost of goods sold, I do not reach plaintiff's contention that the illegality of the payment to Files (which was in excess of the ceiling price) does not prevent its deductibility. Nor do I reach the question of the effect on the deductibility of the payment of plaintiff's alleged lack of knowledge of the transaction and of its illegality.

5. The Clerk of the Court is directed to enter judgment forthwith dismissing the complaint. Fed.R.Civ.P. 58, 28 U.S. C.A.