**Bob HINDES and wife, Dorothy Lee Hindes**

v.

**UNITED STATES of America.**

**Civ. A. No. 3125.**

United States District Court
W. D. Texas,
San Antonio Division.

March 4, 1963.

Muckleroy McDonnold, San Antonio, Tex., for plaintiffs.

William M. Ravkind, Tax Division, Department of Justice, Fort Worth, Tex., and Ernest Morgan, U. S. Atty. for Western District of Texas, for the Government.

SPEARS, Chief Judge.

FINDINGS OF FACT

1. Plaintiffs in the action are husband and wife, however, all relevant transactions involve only Mr. Hindes, and he will be referred to herein as the plaintiff or "Hindes".

2. Beginning in the spring of 1957, plaintiff entered into negotiations for the sale of his ranch to a Mr. Sechrist.

3. Negotiations were consummated with a written earnest money contract, or contract of sale, on April 18, 1957, whereby Hindes agreed to sell and Sechrist agreed to buy plaintiff's farm for a cash consideration of $300,000.

4. Prior to the execution of the contract of sale, Hindes conferred with his attorney, Mr. Muckleroy McDonnold, concerning the sale of the farm, and inquired about the tax consequences. McDonnold at that time told Hindes that an installment sale to Sechrist would result in a considerably lower tax. Nevertheless, Sechrist wanted to pay cash, and the said contract of sale was entered into on that basis by Hindes with Sechrist. McDonnold was not advised of the execution of the contract of sale until some time later.

5. In view of Sechrist's insistence upon making a cash payment, McDonnold suggested that a corporation be set up, that plaintiff sell his farm to the corporation on an installment basis and then the corporation would sell to Sechrist for cash. Sechrist was approached by plaintiff and McDonnold and agreed to take title from a corporation rather than plaintiff, upon the promise of McDonnold to sell him the property in question for the same consideration of $300,000 in cash.

6. On May 17, 1957, the Tower Farm & Cattle Company, Inc., was chartered under the laws of the state of Texas. The incorporators were plaintiff's mother and father and Mr. McDonnold, his attorney.

7. On June 12, 1957, plaintiff made an installment sale of his farm to Tower

Farm & Cattle Company for $265,000. Under the terms of the sale, plaintiff was to receive approximately $20,000 in cash with the balance of the purchase price to be paid over a period of years. Plaintiff did not retain a deed of trust or lien of any kind to secure the unpaid balance of the purchase price.

8. On or about July 11, 1957, Tower Farm & Cattle Company deeded the farm to Sechrist for $300,000 cash. At the time of the conveyance, there was a $58,-000 first mortgage on the farm which mortgage was paid off, leaving a net to the corporation of $242,000. The corporation also paid a real estate commission of $15,000 and the first installment on plaintiff's note of $20,000.

9. Six days after the corporation's sale to Sechrist, the corporation made an unsecured 4% loan to plaintiff in the amount of $200,000. The note evidencing the loan merely recited that plaintiff was to pay the balance of the loan within five years with interest payable annually. The note contained no provision for foreclosure, acceleration, attorney's fees in case of default or any other provisions customarily included in promissory notes.

10. The $200,000 loan left the corporation with little or no cash. In fact, it was necessary for plaintiff to make an early payment so that the corporation could pay its taxes.

11. Tower Farm & Cattle Company was incorporated for the sole purpose of acting as a conduit through which plaintiff could sell his farm to Sechrist for cash and still receive the tax benefits of an installment sale.

12. The agreement between Hindes and McDonnold on the one hand and Sechrist on the other with respect to the contract of sale contemplated that the property involved would be transferred by Hindes to Tower Farm & Cattle Company and by that company to Sechrist.

## CONCLUSIONS OF LAW

1. Tower Farm & Cattle Company had no business purpose other than to act as a conduit through which plaintiff could pass title to his farm, thereby converting a cash sale already made into an installment sale. The substance of the transaction was a sale by plaintiff to Sechrist. Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945); See Weeks v. Sibley, 269 F. 155 (N.D.Texas, 1920).

2. The agreement between Hindes and McDonnold on the one hand and Sechrist on the other with respect to the contract of sale did not constitute such a cancellation or release thereof as would give Hindes the legal right to sell the property to anyone he desired.

3. An order will be entered granting defendant's cross motion for summary judgment.