Bob HINDES and wife, Dorothy Lee,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 20604.

United States Court of Appeals
Fifth Circuit.

Jan. 7, 1964.

Muckleroy McDonnold, San Antonio, Tex., for appellants.

William O. Murray, Jr., Asst. U. S. Atty., San Antonio, Tex., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Ernest Morgan, U. S. Atty., San Antonio, Tex., Stephen B. Wolfberg, David O. Walter, Michael I. Smith, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, BREITENSTEIN,* and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This appeal involves federal income taxes for the year 1957. It turns on the right of taxpayers to return the gain from a sale of realty on an installment basis. Title 26 U.S.C.A. § 453. The District Court rendered summary judgment in favor of appellee. See Hindes v. United States, W.D.Tex., 1963, 214 F. Supp. 583.

Mr. Hindes entered into negotiations for the sale of his ranch in the spring of 1957. He discussed the tax consequences of a sale with his lawyer, and was advised that an installment sale would result in considerable tax savings. The purchaser was not willing to purchase by installments for the reason that the funds with which the purchase was to be made came from an involuntary conversion of other land, and it was necessary that the funds be reinvested in land

---

* Of the Tenth Circuit, sitting by designation.

within a year. Title 26 U.S.C.A. § 1033. Mr. Hindes, then, without the knowledge of his lawyer, entered into a written contract of sale with the purchaser for $300,000, and accepted a $5,000 earnest money deposit.

He reported this fact to his lawyer who suggested that a corporation be set up, with Mr. and Mrs. Hindes selling the ranch to the corporation on installments, and with the corporation, in turn, to make the sale to the purchaser for cash. This suggestion was accepted, and the purchaser agreed to take title from the corporation for the same consideration. Tower Farm & Cattle Company, Inc. was chartered under the laws of the State of Texas, and purchased the ranch from Mr. and Mrs. Hindes for $265,000, from which was to be deducted the amount of a first mortgage upon the ultimate sale. This followed the plan agreed upon; Mr. Hindes hoping that this figure would net out more after taxes under the plan than the original purchase price figure of the contract under a direct sale to the purchaser for cash. This amount was to be paid in equal installments over a period of ten years, with interest at four percent per annum, and the indebtedness was represented by an unsecured note. The corporation then deeded the ranch to the ultimate purchaser for $300,000 cash, and simultaneously paid off a $58,574.81 first mortgage, leaving a net to the corporation of $241,425.19, and a net due taxpayers of $206,425.19. The real estate commission of $15,000, and the first installment to taxpayers was paid at or about this time by the corporation.

Within a few days thereafter, the corporation made an unsecured four percent loan to Mr. Hindes in the amount of $200,000, due five years from date, with interest payable annually.

The incorporators, and sole stockholders of the corporation were the mother and father of Mr. Hindes in the proportion of fifty percent, and his lawyer in the proportion of fifty percent. The corporation was capitalized at $1,000, and they contributed the capital. The lawyer charged no fee and looked to profit from the corporation to be made on the difference between the purchase and sale price for his gain out of the transaction. After the aforesaid payments, and a payment of $5,617.18 on the gain in federal income taxes, plus other miscellaneous payments, the corporation was liquidated with the result that the mother and father received some $6,000, and the lawyer some $6,000 in profits. In the meantime, Mr. Hindes repaid the corporation the sums due under his note and the stockholders, upon liquidation of the corporation, became liable for the remaining installments due taxpayers.

Taxpayers reported the sales price of $265,000 on their income tax return for the calendar year 1957, and elected to report the profit on the installment basis. An agent of the Commissioner of Internal Revenue, upon examination of the return, treated the installment sale as a closed transaction in the amount of $265,000. He was affirmed on administrative appeal except that the selling price was increased by $35,000 to the $300,000 received by the corporation from the purchaser. Having paid the deficiency, and no refund having been forthcoming within the prescribed time, this suit was filed. Taxpayers and the government both moved for summary judgment, and the motion of the government was granted. The granting of this motion is assigned as error, as well as the overruling of the motion of taxpayers for summary judgment. There is an alternative assignment with regard to the additional $35,000 assessment.

The District Court disregarded form and looked to the substance of the transaction and found that the sale was made in fact by taxpayers to the purchaser, with the corporation being used as a mere conduit, and thus the sale was treated as having been made directly. A finding in this regard, based as it was on undisputed facts, to the extent of $265,000 would necessarily follow from the decision of Commissioner v. Court Holding Company, 1945, 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981.

**152**

The findings of fact and conclusions of law, while harmless, were not necessary in the posture of the case where it was terminated. The hearing was on motions for summary judgment. Bohn Aluminum & Brass Corp. v. Storm King Corp., 6 Cir., 1962, 303 F.2d 425. See also Rules 52 and 56, F.R.Civ. P. The only finding necessary was that there was no genuine issue as to any material fact. Neff Instrument Corporation v. Cohu Electronics, Inc., 9 Cir., 1959, 269 F.2d 668. However, the findings as made, as well as the record, demonstrate that there was no dispute as to the facts as they related to the $265,000 sale by taxpayers to the corporation, and no other inference save that reached by the District Court could be drawn, and no other conclusion reached as to that amount.

On the other hand, the evidence is in sharp dispute as to whether the additional $35,000 received by the corporation, should be included as a part of the substance of the transaction, and assessed as having been received by taxpayers. The mere fact that both appellants and appellee moved for summary judgment does not warrant the grant of either motion if the record reflects a genuine issue of fact. Chambers & Company v. Equitable Life Assurance Soc., 5 Cir., 1955, 224 F.2d 338; Walling v. Richmond Screw Anchor Co., 2 Cir., 1946, 154 F.2d 780, cert. den., 328 U.S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640; 6 Moore's Federal Practice, p. 2092; and 3 Federal Practice and Procedure, Barron and Holtzoff, (Wright Ed.), § 1239.

It appears that a portion of the $35,000 went to pay the real estate commission due, and another portion went to pay federal income taxes, while the substantial portion of the remaining sums went to the stockholders of the corporation on liquidation. To be sure, an unraveling of that which the taxpayers set in motion, and final disposition may not be without difficulty but that is the office of the hearing on the merits where, as respects the difference of $35,000, an issue of fact remains. Kennedy v. Silas Mason Co., 1948, 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347; and Winter Park Telephone Co. v. Southern Bell Telephone & Telegraph Company, 5 Cir., 1950, 181 F.2d 341.

The judgment of the District Court must be reversed, and the case remanded for consideration on the merits of the question of whether the additional $35,000 was properly assessed to taxpayers as having been a part of the substance of the transaction. A summary judgment to the extent of the $265,000 would be in order on remand.

Reversed and remanded for further proceedings not inconsistent herewith.