**Henry A. FLORANCE et al., Plaintiffs,**
v.
**UNITED STATES of America, Defendant.**

**Civ. A. No. 3141.**

United States District Court
E. D. Virginia,
at Alexandria.

Sept. 1, 1964.

Roy H. Halquist, Arlington, Va., for plaintiffs.

Plato C. Cacheris, First Asst. U. S. Atty., Alexandria, Va., for defendant.

LEWIS, District Judge.

The Government's motion to dismiss will be denied.

The Government predicates its motion to dismiss upon the failure of the plaintiffs to fully comply with § 7422(a), Title 26 United States Code, which provides in substance that no suit shall be maintained for the recovery of income taxes until a claim therefor has been filed, and upon the failure of the plaintiffs to comply with Treasury Regulation 26 C.F.R. Section 301.6402–2(b) (1) (grounds for refund must be set forth in claim). Both contentions are without merit.

The Government now concedes the taxpayer filed a proper claim for refund of 1958 income taxes paid in the amount of $4,255.68. The District Director, upon review and consideration of the matter, paid the taxpayer $2,600.00 on his claim. In so doing the Director allowed the claimant the refund in full and then de-

ducted a set-off in the amount of $1,-641.31. (The set-off was for claimed taxes due for the year 1958 in re the Jewell tract.)

The taxpayer objected to the set-off and advised the Director, under date of February 13, 1963, that the matter would be litigated before the Tax Court or a suit for refund would be filed in the United States District Court, and requested that the Bureau send him the usual ninety-day deficiency letter or notice of disallowance. Notice of disallowance was received from the District Director under date of March 6, 1963.

■ Here the taxpayer made a timely claim for refund of taxes paid. His grounds therefor were set forth with clarity. The Director disallowed the claim in part and here contends the taxpayer cannot question this partial disallowance because he failed to set forth appropriate grounds therefor in his original claim for refund. To so allow would permit the taxpayer to advance one ground for refund in his claim and thereafter assert a different ground in his suit for refund. Such, however, are not the facts in this case. The purpose of the rule relied upon by the Commissioner is to permit him to correct claimed errors in the first instance and, if disagreement persists, to limit the litigation to the issues which have been reexamined by the Commissioner and which he is prepared to defend. (See Carmack v. Scofield, 5 Cir., 201 F.2d 360.)

■ Here the Commissioner allowed the claim for refund in full on the ground set forth in the claim for refund. He now proposes to partially defeat the refund by way of set-off. The Director should be fully acquainted with the facts justifying his proposed set-off and he will not be heard to say that the taxpayer cannot question the legality thereof on the ground that he has failed to fully comply with Treasury Regulation 26 C.F.R. Section 301.6402–2(b) (1).

If either party needs additional information justifying the refund or set-off, the deficiency can be satisfied by proper use of the federal pre-trial procedures.

Counsel for the plaintiffs should prepare an appropriate order in accordance with this memorandum opinion, submit it to counsel for the Government for approval as to form, and it will be entered accordingly.