Charles W. **HECK**, Executor for the Estate of L. R. Zimmerman, Deceased, and Marcia O. Zimmerman, Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

No. Civ. S–409.

United States District Court,
E. D. California.

Sept. 29, 1970.

Alvin R. Wohl, Sacramento, Cal., for plaintiffs.

John P. Hyland, U. S. Atty., John M. Youngquist, Sp. Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

The executor of the Estate of L. R. Zimmerman brings this suit under § 7422 of the Internal Revenue Code for a refund of income taxes which he claims were erroneously collected by the Internal Revenue Service. Although his complaint seeks relief for overpayments for the years 1952 through 1956, he moves for a partial summary judgment for $90,119.12 for the 1952 tax year only. The government also moves for summary judgment in its favor as to all tax years in question. I have considered at length the numerous arguments in support of the two motions and have concluded that the plaintiff's motion must

be denied and that the government is entitled to a judgment on its motion.

The facts upon which I based my decision are not in dispute. On August 17, 1962, the Internal Revenue Service asserted the following deficiencies, including interest, against the deceased for the years 1952 through 1956:[1] $96,449.03 (1952), $1,857.63 (1953), $8,982.93 (1954), $3,598.17 (1955), $3,671.37 (1956). On October 29, 1962, taxpayer paid all of the assessments except $90,119.92 for the 1952 tax year, which he paid on May 29, 1963.

On October 30, 1964, taxpayer filed a refund claim with the Internal Revenue Service under § 6402 to recover the above assessments. In his refund claim, taxpayer asserted that the tax was illegally and erroneously collected, and that a prior written settlement of his tax liabilities with a revenue agent estopped the government from collecting in excess of that settlement. After the denial of his claim on June 9, 1966, plaintiff filed his complaint in this action, alleging that the disputed taxes were "illegally and erroneously" determined and assessed and that the assessment was invalid because made beyond the statute of limitations of § 6501.

Preliminarily, I have concluded that judicial recovery for all but $90,119.12 of the disputed assessments is barred for failure to file an administrative claim within the prescribed period. Section 6511(a) of the Internal Revenue Code requires the taxpayer to file a claim with the Internal Revenue Service within two years after payment of the disputed tax:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the latter, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.
> \* \* \*

Under § 7422(a), compliance with the two-year deadline is a prerequisite to a subsequent refund suit:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

See Wilson v. United States, 246 F.Supp. 613 (N.D.Calif.1965).

■ The undisputed facts of this case reveal that plaintiff paid a portion of his deficiency taxes on October 29, 1962, and $90,119.12 of them on May 29, 1963. Since his refund claim was not filed until October 30, 1964, the two-year statute of limitations bars recovery of that portion of the assessment paid on October 29, 1962.[2] However, $90,119.12 of the assessments was paid on May 29, 1963, and the filing of taxpayer's claim on October 30, 1964 was thus well within the two-year period.

As to the $90,119.12 left at issue, I conclude that the taxpayer's refund

---

[1]. Although the basic statute of limitations for assessments is three years from the date of filing the return (see IRC of 1939, § 275; IRC of 1954, § 6501), the parties had executed a series of nine consents under § 6501(c) (4) which extended the period for assessments beyond August 17, 1962. The plaintiff now contests the validity of the consents, but

I find it unnecessary to pass on this issue.

[2]. While a one-day delay may seem insignificant, I have previously considered this problem and have held that literal compliance with the two-year provision of § 6511 is an absolute prerequisite to suit under § 7422. Wilson v. United States, *supra*.

claim failed to provide a sufficient basis for recovery in this lawsuit. Under § 7422, *supra*, the taxpayer seeking judicial relief for alleged overpayments of tax must first file an administrative refund claim complying with the Secretary's regulations. The pertinent treasury regulations, Regs. § 301.6402–2(b), provide as follows:

> No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

On the basis of these two provisions, the courts have consistently held that a taxpayer is barred from seeking judicial relief under § 7422 on a ground not alleged in his refund claim.[3] United States v. Felt and Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1930); B. F. Goodrich Co. v. United States, 135 F.2d 456 (9th Cir. 1943); Angelus Milling Co. v. Commissioner of Internal Revenue, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1916 (1944); Mayer v. United States, 285 F.2d 683 (9 Cir. 1960); Ladd v. Riddell, 309 F.2d 51 (9th Cir. 1962). See also cases cited in 47 C.J.S. Internal Revenue § 871. The purpose of the rule is to advise the commissioner of the ground of an ensuing lawsuit and to prevent surprise on the law and facts. See Mayer v. United States, *supra*.

■■ The facts presented to me by affidavit and exhibit show beyond question that the grounds alleged in this suit for relief vary remarkably from those presented to the Internal Revenue Service in the administrative claim. The claim asserted an estoppel against the government from collecting in excess of a prior settlement with a revenue agent, whereas the complaint seeks relief on the basis of the statute of limitations of § 6501. Under these circumstances, the refund claim wholly failed to advise the commissioner of the basis of the lawsuit.

The fact that both the refund claim and the complaint allege in addition that the taxes were "illegally and erroneously" collected is obviously not sufficient to comply with the mandate of the regulations. This type of general allegation advises the commissioner of neither the facts nor the legal basis of the taxpayer's claim and, therefore, fails to comply with Regs. § 301.6402–2(b) that the "claim set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the commissioner of the exact basis thereof." The courts have repeatedly held that strict compliance with the regulations is prerequisite to suit. United States v. Felt and Tarrant Mfg. Co., *supra*; B. F. Goodrich Co. v. United States, *supra*; Angelus Milling Co. v. Commissioner of Internal Revenue, *supra*; Leas v. United States, 248 F.Supp. 1014 (S.D.W.Va. 1965).

For the foregoing reasons, plaintiff is now barred from suing to recover the alleged overpayments of tax for the years 1952 through 1956. Since I have dis-

---

3. I recognize that the commissioner cannot rely on the no-variance rule to defeat judicial relief when he has acquired knowledge of the basis of the lawsuit independently of the refund claim. See Angelus Milling Co. v. Commissioner of Internal Revenue, *infra*; United States v. Henderson Clay Products, 324 F.2d 7 (5th Cir. 1963); Mayer v. United States, *infra*. See also 10 Mertens § 58.19. However, since neither party has argued this issue and nothing in the supporting affidavits and exhibits even remotely suggests that the Commissioner had such knowledge, the issue is not now before me. See United States v. Gossett, 416 F.2d 565 (9th Cir. 1969).

posed of the case on this basis, I need not consider the additional arguments advanced by both parties.

It is therefore ordered that plaintiff's motion for summary judgment is denied and that judgment be entered in favor of the government on its motion for summary judgment.