# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2011

Lyle W. Cayce
Clerk

No. 10-51018
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL DE JESUS HERNANDEZ-HERNANDEZ, also known as Manuel
Jesus Hernandez-Hernandez, also known as Rodolfo Loera, also known as
Manuel de Jesus Hernandez-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1981-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Manuel De Jesus Hernandez-Hernandez appeals the sentence imposed
following his guilty plea conviction for illegal reentry into the United States.  He
contends that the sentence is greater than necessary to achieve the sentencing
goals of 18 U.S.C. § 3553(a), overstates the seriousness of his offense, results in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unjust double counting, and fails to take into account his personal characteristics, as well as his benign motive for reentry.

Under the ordinary standard of review, we afford a sentence within a properly calculated guidelines range a presumption of reasonableness. However, because Hernandez-Hernandez failed to object to the reasonableness of the sentence in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To succeed under this standard, Hernandez-Hernandez must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Hernandez-Hernandez has not shown that the district court plainly erred in imposing his 60-month sentence. This court has previously rejected the argument that a sentence pursuant to U.S.S.G. § 2L1.2 is unreasonable because it resulted from unjust double counting. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Moreover, the record demonstrates that the district court considered Hernandez-Hernandez's arguments for a lesser sentence, including his personal history, characteristics, and motive. After weighing those factors, the district court concluded that the Guidelines provided the appropriate sentencing range. The district court's decision to sentence within the Guidelines is entitled to deference. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Hernandez-Hernandez's disagreement with the sentence does not suffice even to rebut the presumption of reasonableness that attaches to a sentence within the advisory guidelines range. Thus, he has shown no reversible plain error.

AFFIRMED.