Mortimer W. COAKLEY, Plaintiff,

v.

UNITED STATES CIVIL SERVICE COMMISSIONERS John W. Macy, Jr., Chairman, Robert Hampton and Lud J. Andolsek.

Civ. A. No. 64–811–C.

United States District Court
D. Massachusetts.

April 11, 1966.

David D. Dretler, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., Thomas P. O'Connor, Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This is a civil action in which plaintiff, invoking the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., seeks a review of, and ultimately a decree of this Court setting aside, an order removing him from his position as a career mail handler with the Post Office Department at Boston. The parties have stipulated as follows:

1. That the plaintiff since July 7, 1962 was employed as a career mail handler on a full-time basis by the United States Post Office Department at Boston at an annual salary of $4,665.

2. That the plaintiff since April 7, 1954 was continuously employed on a full-time basis as a fireman by the Boston Housing Authority at the Franklin Field Development, for which he received compensation at the rate of $2.45 per hour.

3. That on August 16, 1963 plaintiff was removed from his position with the Post Office Department by an order of the Postmaster at Boston, which order set out as the reason for removal the fact that he was simultaneously a full-time employee of the Boston Housing Authority and of the Post Office Department, in violation of Regulation 712.8 of the Post Office departmental regulations.

4. That plaintiff has exhausted all administrative rights of appeal.

5. That no issue is raised by plaintiff with regard to the propriety of the administrative procedure.

Plaintiff's position is that his full-time employment with the Boston Housing Authority did not violate the regulations, and counsel for the parties have agreed that the Court may determine the propriety of plaintiff's removal on the basis of the stipulated facts set forth above.

Part 712.8 of the Postal Manual in pertinent part provides:

"712.8 – Simultaneous Holding of Federal and State or Local Office.

   .81 – Who may hold office:

   .811 – Regular Annual Rate employees. Regular (per annum) postal employees may hold state or local government part time positions.

   .812 – Not applicable. Refers to substitutes or temporary employees.

   .82 – Restrictions.
Effect on Postal Duties—Service in the State or Local government positions must not interfere with the regular and efficient discharge by the employee of his postal duties. If the installation head finds that an employee's holding of a State or Local government position is in violation of 744.451 or interferes with his postal employment, the employee shall be given a written notice that he must relinquish one of the positions. If he fails to do so, action must be taken as instructed in 744.453 and in part 745."

■ I rule that Section .811, which expressly authorizes full-time Postal employees to hold part-time State or Local government positions, forbids, by clear implication, their holding full-time positions with local governments. Thus, the propriety of plaintiff's removal narrows down to a resolution of the legal status of his employment with the Boston Housing Authority for purposes of this regulation. The very Authority involved in this case was characterized in the following terms by the Supreme Judicial Court of Massachusetts in Finance Commission of City of Boston v. McGrath, 343 Mass. 754, 763, 180 N.E.2d 808, 814 (1962):

"A housing authority * * * is * * * a complete corporate entity in itself, distinct from the municipal corporation within whose territory it is set up. * * * Such an authority * * * is a public body, analogous in various respects * * * to a municipal corporation * * * a housing authority's operations are inevitably interwoven with the management and interests of the city in which it operates."

■■ In the light of this characterization of the Boston Housing Authority by the Supreme Judicial Court, and having in mind the purpose of the Post Office regulation, I rule that the Boston Housing Authority is a Local government agency for purposes of Section .811, that plaintiff's dual employment violated this regulation, and that, consequently, his removal was in accordance with applicable law.

Complaint dismissed.