**Mortimer W. COAKLEY, Plaintiff, Appellant,**

v.

**POSTMASTER OF BOSTON, MASSACHUSETTS et al., Defendants, Appellees.**

**No. 6758.**

United States Court of Appeals First Circuit.

March 16, 1967.

David D. Dretler, Boston, Mass., for appellant.

Gordon A. Martin, Jr., Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Plaintiff appeals from the district court's refusal to set aside an order of the defendant postmaster discharging him from his civil service position in

the Boston Post Office.[1] While holding this position plaintiff was also employed as a full-time fireman (boiler tender) by the Boston Housing Authority. The postmaster claims that Postal Regulation 712.811 prohibits plaintiff from working full-time for the Housing Authority while regularly employed by the Post Office and ordered him to give up one job or the other. He refused to relinquish either job and the postmaster discharged him.

■ Regulation 712.811 states "Regular (per annum) postal employees may hold state or local government part-time positions." The postmaster asserts that this regulation by implication precludes regular postal employees from holding *full-time* positions with a state or local government.[2] Plaintiff contends that this regulation does not apply to him because his job with the Boston Housing Authority is not a "state or local office" within the meaning of this regulation and that in any event the regulation itself is unreasonable.[3]

■■ We agree with the Postmaster that Regulation 712.811 precludes by implication regular postal employees from holding state or local government full-time positions. Any other interpretation would not make sense. We also agree that even though the title of the regulation uses the word "office" its applicability is not limited to top echelon officials. This regulation is much broader in scope and is intended to cover outside employment in general. Nor can we accept plaintiff's argument that the Authority is not a state or local agency within the purview of the regulation. Cf. E.

W. Wiggins Airways, Inc. v. Massachusetts Port Auth., 362 F.2d 52, 55 (1st Cir., cert. denied, 385 U.S. 947, 87 S.Ct. 320, 17 L.Ed.2d 226 (1966). That case held that a state Authority with similar statutory powers and duties was a public agency.

■ We now turn to the question of whether this regulation is reasonable. Rules and regulations made by government agencies in order to be valid must have a rational basis. Pan American Petroleum Corp. v. Federal Power Comm., 352 F.2d 241, 244 (10th Cir. 1965); N.L.R.B. v. Esquire, Inc., 222 F.2d 253, 256 (7th Cir. 1955). The difficulty in this case is that neither the record nor the regulation itself reveals its rationale. For this reason, we remanded the case to the district court for the limited purpose of receiving evidence as to its rationale. Regrettably, this hearing left the answer as much in the dark as it was before.[4]

Clearly, under this regulation plaintiff, while holding his post office position, could work as a full-time boiler tender for a private employer but could only work as a part-time boiler tender if his employer were a state or municipal agency. We have not been given nor have we discovered any good reason for such a distinction. It can hardly be said that this distinction is based on job interference in view of the fact that there are other regulations under which the postmaster may forbid a postal employee from holding *any* outside position, public or private, full-time or part-time, which tends to interfere with his postal employment.[5] Moreover, from a

1. Coakley v. United States Civil Service Commissioners, 252 F.Supp. 639 (D.Mass. 1966).

2. There is no dispute that plaintiff, a full-time career mail handler, was a regular (per annum) postal employee at the time of his discharge.

3. He also contends that this regulation violates the Fourteenth Amendment in that it discriminates against a group but we find no merit in this contention.

4. For the most part, the defendant merely produced certain documents tracing the history and development of rules with reference to outside employment, none of which reveal the reasoning behind the distinction between full-time public and full-time private employment as made in the rule in question. Additionally, the defendants listed several state cases dealing with the various state prohibitions against dual office holding.

5. Sections 712.82 and 744.451.

practical point of view there appears to be no intrinsic difference between public and private employment. Both demand a high degree of loyalty and require that the employee render efficient service, one no less than the other. Nor do we think that considerations based on sovereignty or comity between nation and state or the likelihood of conflicts of interest between the two, especially in times of emergency, enter into or constitute the rationale of this rule. For example, a full-time postal employee, working part-time for a state or municipal agency would be just as subject to conflicting demands on his time in case of an emergency as would an employee holding two full-time positions.

We are not persuaded by the government's argument that the long history of prohibitions against dual office holding, both federal and state, and the fact that these prohibitions have been widely adopted and accepted in and of itself supports the reasonableness of this particular regulation. This is a non sequitur. We are not considering the reasonableness of a regulation forbidding all "moonlighting." Cf. Mulry v. Driver, 366 F.2d 544 (9th Cir. 1966). The government further points out that until recently regular civil service employees were precluded from all outside public employment and the fact that this regulation does not go the full distance in relaxing this prohibition does not make it unreasonable. This argument falls short in that it sheds no light whatever on the rationale behind the distinction which the rule makes between apparently identical public and private employment.

 In the absence of any good reason for such a distinction, it would seem that it can only be based on a per se objection to regular postal employees holding a second full-time public position as distinquished from a second full-time private one. In other words, the only reason for this distinction is that it is so because it is so. From this we can only conclude that the regulation in question is unreasonable on its face.

Judgment will be entered vacating the judgment of the district court and remanding the case for further proceedings not inconsistent with this opinion.