**RANDOLPH–SHEPPARD VENDORS OF AMERICA, INC., et al., Appellants,**

v.

**Patricia R. HARRIS, Secretary, Department of Health, Education and Welfare et al., Appellees.**

No. 78–1860.

United States Court of Appeals, District of Columbia Circuit.

Argued June 12, 1979.

Decided July 11, 1980.

Elizabeth H. Farquhar, Silver Spring, Md., for appellants.

Kenneth J. Barnes, Atty. Dept. of Justice, Barbara Allen Babcock, Asst. Atty. Gen., Earl J. Silbert, U.S. Atty., Washington, D.C., at the time the briefs were filed, and William Kanter, Atty. Dept. of Justice, Washington, D.C., were on the brief for appellees.

Before ROBB and WILKEY, Circuit Judges, and OBERDORFER *, United States District Judge, United States District Court for the District of Columbia.

Opinion Per Curiam.

PER CURIAM:

The appellants are the Randolph-Sheppard Vendors of America, Incorporated, the

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

American Council of the Blind, Incorporated, fourteen individual licensed blind vendors, and Senator Donald W. Riegle, Jr. For convenience we shall refer to them collectively as the plaintiffs. The appellees are the Secretary of the Department of Health, Education and Welfare (HEW) and the Commissioner of the Rehabilitation Services Administration, referred to as the defendants.

The Randolph-Sheppard Vendors of America, Incorporated, is a national organization of blind vendors licensed under the Randolph-Sheppard Act Amendments of 1974. 20 U.S.C. § 107 *et seq.* (1976). Along with the other plaintiffs they filed suit in the District Court alleging that the defendants had failed to promulgate appropriate regulations to implement the Randolph-Sheppard Act Amendments. Having determined that no genuine issue of material fact existed the District Court granted the defendants' motion for summary judgment. The court held that it must give deference to the defendants' interpretation of the Amendments, and that the plaintiffs had failed to meet their burden of demonstrating that the challenged regulations[1] were not in accordance with the Act. We affirm.

### I.

The Randolph-Sheppard Vending Stand Act, 49 Stat. 1559 (1936) (current version at 20 U.S.C. § 107 *et seq.* (1976)) was enacted to aid blind vendors by permitting them to operate vending facilities on federal property. Believing that the program established in 1936 was not developing to its full potential, Congress amended the Act in 1974. The preamble to the Amendments mandated seven actions HEW must take to insure the program's continued vitality:

(A) establish uniformity of treatment of blind vendors by all Federal departments, agencies, and instrumentalities,

(B) establish guidelines for the operation of the program by State licensing agencies,

[1]. See Vending Facility Program for the Blind on Federal and Other Property, 42 Fed.Reg. 15802 (1977) (codified in 45 C.F.R. § 1369 (1979)).

(C) require coordination among the several entities with responsibility for the program,

(D) establish a priority for vending facilities operated by blind vendors on Federal property,

(E) establish administrative and judicial procedures under which fair treatment of blind vendors, State licensing agencies, and the Federal Government is assured,

(F) require stronger administration and oversight functions in the Federal office carrying out the program, and

(G) accomplish other legislative and administrative objectives which will permit the Randolph-Sheppard program to flourish.

*See* Pub.L. 93–516 § 201.

The Amendments also directed HEW within 180 days to promulgate regulations implementing the new provisions. See 20 U.S.C. § 107a(a)(1);[2] 20 U.S.C. § 107(b). This broad delegation of rulemaking authority was without specific guidelines. HEW therefore followed normal rulemaking procedures by considering numerous comments submitted by interested parties, including the plaintiffs. On March 23, 1977 HEW published the final regulations, with a lengthy preamble explaining why particular regulatory policies were chosen. *See* 42 Fed.Reg. 15802–15810 (1977).

## II.

■ This court is bound to apply the standard of review found in the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), under which we may review agency rulemaking only to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *National Ass'n of Food Chains, Inc. v. ICC*, 175 U.S.App.D.C. 346, 351–52, 535 F.2d

1308, 1313–14 (1976) (*per curiam*); *Ethyl Corp. v. EPA*, 176 U.S.App.D.C. 373, 405–6, 541 F.2d 1, 33–34, *cert. denied*, 426 U.S. 941, 96 S.Ct. 2663, 49 L.Ed.2d 394 (1976). We may also determine whether the agency action had a rational basis, *Coakley v. Postmaster of Boston, Mass.*, 374 F.2d 209, 210 (1st Cir. 1967), and was within the bounds of statutory authority. *See* 5 U.S.C. § 706(2)(C); *L & M Industries, Inc. v. Kenter*, 458 F.2d 968, 971 (2d Cir.1972). The plaintiffs however ask us to go far beyond this standard of review by substituting their policy judgments for those of the expert agency designated to oversee the blind vendor program. This we may not do. We think the District Court properly granted summary judgment to the defendants.

■ HEW promulgated detailed regulations to govern the vending facility program. The plaintiffs challenge a number of these regulations which they deem to be contrary to the Amendments, but we think these challenges are unfounded. Thus, the plaintiffs attack the establishment of a permit system for the award of vending facilities. This system derives from a regulation which authorizes the head of a federal property managing department, agency, or instrumentality to review and approve blind vendors' permit applications. 45 C.F.R. § 1369.34 and .35. The plaintiffs say this power allows an agency to abuse its discretion by limiting the number of facilities allowed on its property. The plaintiffs' primary argument is that the permit system was used prior to the 1974 Amendments and was a vehicle for agency abuse. However, Congress did not proscribe the continued use of this system. Moreover, the Amendments delegate to state licensing agencies the authority to select the location and type of blind vending facilities to be established *with the approval* of the head of the department or agency in control. The

**2.** This section reads:

(a) The Secretary of Health, Education and Welfare shall—

(1) Insure that the Rehabilitation Services Administration is the principal agency for carrying out this chapter; and the Commissioner shall, within one hundred eighty days after enactment of the Randolph-Sheppard Act Amendments of 1974, establish require-

ments for the uniform application of this chapter by each State agency designated under paragraph (5) of this subsection, including appropriate accounting procedures, policies on the selection and establishment of new vending facilities, distribution of income to blind vendors, and the use and control of set-aside funds under section 107b(3) of this title.

power of approval authorizes HEW to continue the permit system, and the regulation presents a prime example of a discretionary policy judgment to which we must defer. *See, e. g., Graham v. National Transportation Safety Bd.*, 530 F.2d 317, 319 (8th Cir. 1976).

■ Again, the plaintiffs say the regulation requiring blind vendors to bid for contracts to operate cafeterias contravenes 20 U.S.C. § 107d–3(e), which directs the Secretary of HEW to establish a priority for the operation of cafeterias by blind licensees when he determines "that such operation can be provided at a reasonable cost with food of a high quality comparable to that currently provided to employees." *Id.; see* 45 C.F.R. § 1369.33. Apparently the plaintiffs want an unqualified priority to operate cafeterias. Yet, the bidding system allows the Secretary to determine whether the blind operator's cost is "reasonable"; and the bidding regulation provides that if the blind vendor's bid falls within a reasonable and competitive range, even if it is higher than some others, it will be given a priority. Also, a dissatisfied state agency may always file a complaint with the Secretary for arbitration of the rejection of a blind vendor's bid. 45 C.F.R. § 1369.33(b). It would be unreasonable to require agency heads to grant unqualified priorities to blind vendors to operate cafeterias, despite the vendor's anticipated cost. In fact such a scheme, unlike the present one, would actually exceed the authority delegated to the Secretary by the Amendments.

■ The plaintiffs challenge the addition of the statement "in light of appropriate space and potential patronage" to the regulation's definition of feasibility to establish a blind vendor's facility on federal property. 45 C.F.R. § 1369.30.[3] However, Congress directed the Secretary to prescribe regula-

tions designed to assure that "*wherever feasible*, one or more vending facilities are established on all Federal property to the extent that any such facility or facilities would not adversely affect the interests of the United States." 20 U.S.C. § 107(b)(2). [Emphasis added] We think the regulation merely details the factors that will be considered in determining whether the establishment of a vending facility is feasible. Consideration of space and potential patronage is entirely reasonable in this context.

The Amendments delegate to the Secretary the responsibility to determine satisfactory sites, 20 U.S.C. § 107a(d)(3), and sufficiency of patronage, 20 U.S.C. § 107a(d)(2). Likewise, the regulations provide that should an agency limit the location of a vending facility because it determines the operation of the facility would adversely affect the interests of the United States, such limitation must be justified in writing to the Secretary who shall determine the validity of the agency's finding. 45 C.F.R. § 1369.30(b); 45 C.F.R. § 1369.-31(d). In short, the challenge to the agency's role in determining feasibility must fail.

The plaintiffs proffer numerous other examples of regulations they consider inappropriate[4] but all are as lacking in merit as those we have noted. Plaintiffs do not agree with HEW's policy choices, but they are unable to point specifically to any actions by defendants which are arbitrary, capricious, an abuse of discretion or contrary to law. The plaintiffs had their opportunity to present their views during the rulemaking comment period, but the defendants chose to follow a different, albeit reasonable, course. We may not change or declare illegal a rational scheme prescribed by the expert agency specifically commis-

---

**3.** This section reads:

    (a) Each department, agency, or instrumentality of the United States in control of the maintenance, operation, and protection of Federal property shall take all steps necessary to assure that, wherever feasible, in light of appropriate space and potential patronage, one or more vending facilities for operation by blind licensees shall be located on all Federal property *Provided* that the location or

operation of such facility or facilities would not adversely affect the interests of the United States, Blind persons licensed by State licensing agencies shall be given priority in the operation of vending facilities on any Federal property.

**4.** The plaintiffs challenge 45 C.F.R. § 1369.32(a) which provides that on-site property managers are responsible "for the collection of, and

sioned to devise it. Instead, we defer to the defendants' interpretations of the Amendments. *See Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Ethyl Corp. v. EPA,* 176 U.S.App.D.C. 373, 406, 541 F.2d 1, 34 (1976) (court must presume the agency's actions are valid); *Sierra Club v. EPA,* 176 U.S.App.D.C. 335, 345, 540 F.2d 1114, 1124 (1976), *vacated on other grounds,* 434 U.S. 809, 98 S.Ct. 40, 54 L.Ed.2d 66 (1977); *Columbia Broadcasting System, Inc. v. FCC,* 147 U.S.App.D.C. 175, 184–85, 454 F.2d 1018, 1027–28 (1971).

### III.

■ The plaintiffs also ask this court to reverse or remand the District Court's judgment because of its failure to make detailed findings of fact and conclusions of law. This argument ignores the procedural context of the court's action which disposed of the case on a motion for summary judgment under Fed.R.Civ.P. 56. Fed.R.Civ.P. 52(a) provides: "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." *See, e. g., Hindes v. United States,* 326 F.2d 150, 152 (5th Cir.), *cert. denied,* 377 U.S. 908, 84 S.Ct. 1168, 12 L.Ed.2d 178 (1964) (only finding necessary is that there are no genuine issues of material fact); *Gurley v. Wilson,* 99 U.S.App.D.C. 336, 337, 239 F.2d 957, 958 (1956); *Simpson Bros., Inc. v. District of Columbia,* 85 U.S.App. D.C. 275, 179 F.2d 430 (1949), *cert. denied,* 338 U.S. 911, 70 S.Ct. 350, 94 L.Ed. 561 (1950). There were no genuine issues of material fact, and this court can easily decide the legal questions on the basis of the statute, regulations, and the preamble to the regulations explaining the reasoning supporting the defendants' policies.

### IV.

■ The decision in this case does not preclude further review of the blind ven-

dors program as applied in specific cases. The program requires many discretionary acts on the part of the Secretary, the agency heads, and agency property managers. These acts may of course be reviewed under the Administrative Procedure Act. In fact, the regulations set up an internal arbitration procedure for dispute resolution, culminating in judicial review of the final agency action. *See* 45 C.F.R. § 1369.37. Thus there is no bar to review of any further actions by the pertinent government agencies which conflict with the policies set out in the Randolph-Sheppard Amendments and the regulations.

*Affirmed.*

---

accounting for, vending machine income from vending machines on Federal property under his control . . ." However, this is a logical delegation of the authority granted to the head of each department, agency, and instrumentality of the United States in 20 U.S.C. § 107d–3(b)(2). Plaintiffs also seem to challenge the percentage disbursements of vending machine income to blind vendors determined by whether or not the vending machines are in direct competition with the blind vending facilities. 45 C.F.R. § 1369.32(b), (c), (d). However, these disbursements parallel those set in 20 U.S.C. § 107d–3(b)(1).