Peter IRONS et al., Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION et al., Defendants.

Civ. A. No. 82–1143–G.

United States District Court,
D. Massachusetts.

Oct. 4, 1983.

Edward Greer, Cambridge, Mass., for plaintiffs.

Marianne Bowler, Asst. U.S. Atty., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

GARRITY, District Judge.

This case involves the Freedom of Information Act (FOIA). Plaintiffs Peter Irons and Melvin Lewis, both recognized legal scholars and historians, requested from the defendant a large volume of documents relating to the Smith Act prosecutions of leaders of the Communist party. They also requested a fee waiver of the duplication costs of the documents, under 5 U.S.C. § 552, on the ground that their research was in the public interest, and that furnishing the information would primarily benefit the general public. The FBI refused to grant the fee waiver request (except as to a relatively small number of documents) and, pursuant to 28 C.F.R. § 16.9(c), delayed the processing of the request until after plaintiffs paid an initial fee of $1,375.00 and agreed to pay the balance of the costs upon completion of the processing of the request.

Plaintiffs sought administrative review of the denial of the fee waiver request, to no avail. After exhaustion of their administrative remedies, plaintiffs brought the present action seeking an order directing defendant to furnish the requested documents without charge and a determination that 28 C.F.R. § 16.9(c) is invalid. Plaintiffs brought a motion for summary judgment on both these counts. After a hearing on September 8, 1983 we granted plaintiffs' motion for summary judgment on the fee waiver issue and reserved ruling on the invalidity of the regulation 28 C.F.R. § 16.-9(c). We now deny plaintiffs' motion for summary judgment on this latter count.

28 C.F.R. § 16.9(c) reads in relevant part:

(c) Notice of anticipated fees in excess of $25. Where it is anticipated that the fees chargeable under this section will amount to more than $25 and the requester has not indicated in advance his willingness to pay fees as high as are anticipated, the requester shall be notified of the amount of the anticipated fee or such portion thereof as can readily be estimated. *In such cases, a request will not be deemed to have been received until the requester is notified of the anticipated cost and agrees to bear it.* (emphasis added)

Plaintiffs contend that by not "deeming" a request to have been received until the requester agrees to bear the costs of the processing, the regulation in effect penalizes FOIA requesters with delay for asserting their legal right to a fee waiver.

Plaintiffs claim that once a fee waiver request is improperly denied, the requester is placed in the unreasonable position of having either to agree to pay for the documents requested or to suffer a long delay in seeking a judicial determination of entitle-

ment to the fee waiver. Even if a court does find that the requester is entitled to the fee waiver, the request is only deemed received at that point, although the fee waiver should have been granted when the request was initially filed. This, plaintiff contends, encourages the agency not to grant fee waivers and causes inexcusable delays in the processing of requests under the Act. As such, the regulation is contrary to the command and purpose of the FOIA, and cannot be sustained.

 As plaintiffs recognize, to succeed in their motion plaintiffs bear the heavy burden of showing that there is no rational basis for the regulation. *Coakley v. Postmaster of Boston, MA.,* 1 Cir.1967, 374 F.2d 209. Administrative regulations are presumed valid and may be found invalid only if shown to be unreasonable, inappropriate or plainly inconsistent with the statute authorizing them. *Royalton College, Inc. v. Clark,* D.Vt.1969, 295 F.Supp. 365, 370. We find that the criteria of validity have been met here. The government's purpose behind the regulation is clear: it does not want to expend the effort to conduct a search for documents until it has received some assurance that it will be reimbursed for the effort. If, after paying an initial fee, a requester is granted a fee waiver, then the requester is entitled to a return of the deposit.

That there may be better alternatives available to accomplish this purpose is not, in and of itself, sufficient to invalidate the regulation. Moreover, the regulation has been applied narrowly by the defendant FBI, despite its broad language. In the instant case, plaintiffs' fear that the regulation causes inexcusable delays is unfounded. At the hearing, after the court determined that plaintiffs were entitled to a fee waiver, defendant itself proposed to treat the matter as if the fee waiver request had been granted when filed. Thus plaintiffs and, most likely, other requesters are in no worse position for having sought the fee waiver than had they agreed to pay the fees in the first place. Cf. *Rizzo v. Tyler,* S.D.N.Y.1977, 438 F.Supp. 895, 898 ("An attempt

to condition disclosure upon the payment of fees improperly imposed is the sort of improper withholding that this court may enjoin.") Accordingly plaintiffs' motion for summary judgment on this count is denied.