966 F.2d 701
 296 U.S.App.D.C. 181
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Patrick James CAMPBELL, Appellant,
v.
Alana JOHNSON, et al.
 No. 91-5217.
 United States Court of Appeals, District of Columbia Circuit.
 May 8, 1992.
Rehearing and Rehearing En Banc
Denied July 3, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, and the response to the court's November 1, 1991 order to show cause, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). The appellant did not file his Freedom of Information Act ("FOIA") requests in accordance with agency regulations. Specifically, he declined to provide a firm agreement to pay for, or request a reduction or waiver of, search and duplication fees. See 31 C.F.R. § 1.5(c)(7). As the district court held, the administrative process was properly suspended pending compliance, and no appeal rights therefore attached. See Irons v. FBI, 571 F.Supp. 1241, 1243 (D.Mass.1983); Lykins v. United States Dept. of Justice, No. 82-1640, slip op., reported at 3 GDS p 83,092, at 83,637 (D.D.C.1983). Accordingly, appellant has not exhausted his administrative remedies. Lykins, 3 GDS at 83,637. See also Oglesby v. United States Dept. of Army, 920 F.2d 57, 66 (D.C.Cir.1990). Appellant's claims that he is exempt from the exhaustion requirement under the circumstances presented are without merit.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.