985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert SCALES, Defendant-Appellant.
 No. 92-5135.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Robert Scales appeals his conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and a conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846. Defendant asserts that: (1) the evidence presented at trial was insufficient to support the conspiracy conviction; and (2) the district court erroneously admitted a hearsay statement of a coconspirator made in the course of and in furtherance of a conspiracy. For the following reasons, we AFFIRM the judgment of the district court.
 
 FACTS
 
 2
 Sergeant Ronnie Thompson, an officer with the Memphis Organized Crime Unit ("Unit"), and a confidential informant negotiated the purchase of a kilogram of cocaine for $29,000.00 from Larry Howard. Posing as an out-of-town cocaine dealer, Thompson, accompanied by the informant, went to Howard's house. Upon their arrival, Howard informed Thompson that he had about $30,000.00 to spend and that he was negotiating the "deal" with his "source." Thompson and the informant then agreed to return in approximately forty minutes to purchase the cocaine.
 
 
 3
 When they returned, Howard told them that his source was on his way with the cocaine. After fifteen to twenty minutes, defendant arrived and handed Howard a paper sack. Howard then gave Thompson the sack which contained a small package of cocaine. After inspecting the cocaine, Thompson sent the informant to get the money from Officer Damon Berryhill, who was posing as the "money man." This was a pre-arranged signal to Unit officers outside that the drugs were inside and it was time to enter the house. While working to pry the door open, a Unit officer saw defendant running up the stairs. Once inside, the Unit officer went to the second floor, where he observed defendant climbing back in a window. Defendant was arrested and taken down to the living room. Memphis police officer Sammy Ballard testified that defendant then stated, "I'll solve this caper, the guy lying on the floor [Thompson], he brought the dope in."
 
 
 4
 As Berryhill was waiting outside, he observed defendant and a little girl exit from a car and go into the house. Defendant was carrying a brown shopping bag folded around a square object. At the time of the officers' entry, Berryhill walked around the house in order to secure the outside perimeter. At this time, he observed defendant climbing out a window and the little girl standing about ten feet away in the room. Berryhill ordered defendant back into the house, at which time he was taken into custody by another Unit officer.
 
 
 5
 Defendant testified that he had come to Howard's house to drop off his daughter to play with Howard's children. He claimed that the bag he carried contained coloring books and crayons. He explained that he was trying to get his "baby" out of the house because he thought it was being robbed.
 
 
 6
 On rebuttal, Howard testified that he had known defendant for about three years and that during Thompson's and the informant's first visit, he called defendant and told him that he had "some people who wanted to buy something." After discussing the price, defendant told Howard to call him when the deal was set. After Thompson and the informant left, Howard called defendant to explain the details of the transaction. When Thompson and the informant returned, Howard called defendant again. Defendant arrived at the house with the drugs approximately fifteen minutes later. Howard further testified that defendant offered him $1,800.00 to "take the rap" and/or lie when he testified at trial regarding the drug transaction.
 
 
 7
 Thompson testified that Howard made the statement "the cane man is here"[1] when defendant arrived at the house. Defense counsel objected to the admission of the statement as inadmissible hearsay. The government took the position that the statement was admissible because it was made by a coconspirator in furtherance of a conspiracy. The district court allowed the statement to be heard by the jury, and reserved ruling on the objection until the end of the trial, when it overruled the objection.
 
 ANALYSIS
 I. Standard of Review
 
 8
 The standard of review for sufficiency of evidence claims is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). As defendant failed to renew his motion for judgment of acquittal at the conclusion of the proof, this court reviews for plain error. See United States v. Rigsby, 943 F.2d 631, 644 (6th Cir.1991), cert. denied, 112 S.Ct. 1269 (1992).
 
 II. Sufficiency of the Evidence
 
 9
 In a drug conspiracy case charging a § 846 violation, the government has the burden of proving that "a conspiracy existed, that the accused knew of the conspiracy, and that he knowingly and voluntarily joined it." United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991) (quoting United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986)). An actual agreement need not be proven, but the government must show that the accused agreed to participate in a joint venture to achieve a common purpose. United States v. Bourjaily, 781 F.2d 539, 544 (6th Cir.1986). Furthermore, "[t]he connection of the defendant to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt." Barrett, 933 F.2d at 359 (quoting United States v. Batimana, 628 F.2d 1366 (9th Cir.), cert. denied, 449 U.S. 1038 (1980)). Thus, the government need not show that the accused participated in all aspects of the conspiracy.
 
 
 10
 The evidence presented to the jury sufficiently supported the finding that defendant knowingly and willingly conspired with Howard to sell cocaine. First, Howard explained that he had an outside source for the cocaine and agreed to contact the source after his initial conversation with Thompson. Howard then called defendant at least twice to set up and finalize the delivery of the cocaine. Shortly thereafter, defendant entered Howard's house carrying a package which contained the cocaine and, at the time of his arrest, defendant identified Thompson as the "owner" of the drugs.
 
 
 11
 Second, Howard talked to defendant on several occasions regarding the price and delivery of the cocaine. Moreover, defendant offered him money to accept full responsibility for the drug transaction.
 
 
 12
 Thus, the evidence established that defendant was the source of the cocaine while Howard was the negotiator of the deal. Defendant did not sell directly to Thompson, but conspired with Howard to coordinate and finalize the drug transaction. Therefore, in light of the evidence most favorable to the government, the jury reasonably found that defendant knowingly and willingly participated in a drug conspiracy.
 
 III. Hearsay Statement
 
 13
 A coconspirator's statement is admissible if the court finds by a preponderance of the evidence that: (1) a conspiracy existed; (2) the person against whom the statement is offered was a member of the conspiracy; and (3) the hearsay statement was made in the course of and in furtherance of the conspiracy. United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989) (citing United States v. Vinson, 606 F.2d 149, 152 (6th Cir.1979), cert. denied, 445 U.S. 904 (1980)). As the government established by a preponderance of the evidence that a conspiracy existed in which the defendant was a member, Thompson's testimony regarding Howard's statement was admissible as a coconspirator's statement made in the course of and in furtherance of the conspiracy. See Fed.R.Evid. 801(d)(2)(E).
 
 IV. Conclusion
 
 14
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 "Cane" is a slang term for cocaine