**Michael Alan CROOKER, Plaintiff,**

v.

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Defendant.**

**Civ. No. 94–30127–MAP.**

United States District Court, D. Massachusetts.

March 2, 1995.

Michael A. Crooker, Fairton, NJ, pro se.

Karen L. Goodwin, U.S. Attorney's Office, Springfield, MA, for defendant.

*PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF FEBRUARY 15, 1995*

PONSOR, District Judge.

Objections overruled for the reasons stated in the defendant's opposition. The recommendation is adopted and defendant's motion for summary judgment is hereby ALLOWED. The clerk will prepare a judgment for defendant. So ordered.

*REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT*

NEIMAN, United States Magistrate Judge.

This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as Plaintiff claims that the Defendant Bureau of Alcohol, Tobacco and Firearms ("BATF") has wrongfully denied his request for certain records which pertain to him. The Defendant has filed a Motion to Dismiss or For Summary Judgment. The Defendant's Motion has been referred to the Court for a report and recommendation pursuant to Rule 3 of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts. 28 U.S.C.A. § 636(b)(1)(B). Because Defendant has presented matters outside the pleadings in support of its Motion, the Court shall treat the Motion as one for summary judgment only, pursuant to Fed.R.Civ.Pro. 12(b)(6).[1]

---

1. The Court also expressly waives the requirement of conferring with the opposing party, as required by Local Rule 7.1, due to the fact Plaintiff is incarcerated in Georgia, all necessary papers have been filed with the Court, and Plaintiff specifically declined oral argument by letter filed with the Court on October 31, 1994.

The Court recommends granting Defendant summary judgment for the reasons set forth below.

## I.  *SUMMARY JUDGMENT STANDARD*

Summary judgment is appropriate where the record reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.Civ.P. 56(c).  See *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir.1984); *Commercial Union Ins. v. Walbrook Ins. Co.*, 7 F.3d 1047, 1050 (1st Cir.1993) (citing *Mesnick v. General Electric Co.*, 950 F.2d 816 (1st Cir. 1991), *cert. denied*, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992)).  The facts must be viewed in the light most favorable to the non-moving party.  *Commercial Union Ins. v. Walbrook*, 7 F.3d at 1050.  "The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of material fact."  *Mendes v. Medtronic*, 18 F.3d 13, 15 discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

A "genuine" issue is one that only a finder of fact can properly resolve because it may reasonably be resolved in favor of either party and a "material" issue is one that affects the outcome of the suit.  *Collins v. Martella*, 17 F.3d 1, 3 n. 3 (1st Cir.1994), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); see also *Hayes v. Douglas Dynamic, Inc.*, 8 F.3d 88, 90 (1st cir. 1993).  "Mere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact."  *Horta v. Sullivan*, 4 F.3d 2, 11 (1st Cir.1993).  Absent a genuine dispute of material fact, questions of law are appropriate for resolution on summary judgment.  *Jimenez v. Peninsular & Oriental Steam Navigation Co.*, 974 F.2d 221, 223 (1st Cir.1992).

In the instant case, BATF asserts that there is no genuine issue as to any material fact.  In his Opposition to BATF's Motion, Plaintiff does not specifically assert that there are any material issues of fact.  Notwithstanding, the Court's own analysis of the facts before it, when viewed in a light most favorable to the Plaintiff, reveals that there are no genuine or material factual issues.  After applying the appropriate law to the undisputed facts, the Court recommends that BATF be granted summary judgment.

## II.  *FACTUAL AND PROCEDURAL BACKGROUND*

The Plaintiff, in a letter to the BATF Disclosure Branch dated August 24, 1993, requested copies of all records maintained under his name and compiled since January 1, 1990.  In his letter, Plaintiff agreed to pay the fees associated with his request.  BATF denied Plaintiff's request in a letter dated September 10, 1993, on grounds that the records were exempt from disclosure, pursuant to 5 U.S.C. § 552(b)(7)(A), because release could reasonably be expected to interfere with the criminal enforcement proceedings pending against Plaintiff.  BATF also suggested that Plaintiff resubmit his request in two months, at which point Plaintiff's criminal matter was expected to be adjudicated.

Plaintiff appealed.  The BATF Director granted the appeal in part and denied the appeal in part, advising Plaintiff of such in a letter dated October 27, 1993.  The Director determined that certain documents which previously had been withheld could be released.  However, the Director further determined that the BATF Disclosure Branch had properly withheld the remainder of the information pursuant to the exemption at 5 U.S.C. § 552(b)(7)(A).

In a reply letter dated December 7, 1993, Plaintiff asserted that the claimed exemption did not apply because he had agreed to plead guilty.  He again requested his records.  BATF then informed Plaintiff, in a letter dated January 4, 1994, that before it could process his current request, his fee waiver request relating to a prior FOIA request had to be resolved or he had to pay his delinquent bill.  BATF also advised Plaintiff that, if his fee waiver request on the prior claim was denied, he would be required to pay the prior fee in addition to prepaying his August 24, 1993, request, all pursuant to 31 C.F.R. § 1.7(f)(4).

Plaintiff filed another appeal in a letter dated January 10, 1994, arguing that the fee dispute in his other claim should not affect his current request for records. Plaintiff also asserted that BATF could not charge for records produced under the Privacy Act (5 U.S.C. § 552a). In its reply letter of January 21, 1994, BATF again informed Plaintiff that it would not process his request until his outstanding bill was satisfied. BATF also explained that, while the records he had requested were exempt from production under the Privacy Act, 5 U.S.C. § 552a(j)(2), it was able and willing to process the request under the FOIA. *See* 31 C.F.R. § 1.36(c)(2). In the same letter, BATF once again advised Plaintiff that it needed a written agreement to pay search fees before it could begin to process his current request.

Shortly thereafter, in a letter dated January 27, 1994, BATF in fact denied Plaintiff's previous fee waiver request. Plaintiff then brought suit in the United States District Court for the District of Columbia in which he challenged BATF's decision. That suit, *Crooker v. Bureau of Alcohol, Tobacco and Firearms* (Civ.Action No. 94–0685), is currently pending.

With respect to the matter before this Court, the Plaintiff again agreed, in a letter dated January 28, 1994, to pay the search fees for the instant request. This echoed his previous agreement to pay set forth in his original FOIA request of August 24, 1993. In response, the Disclosure Branch of BATF advised Plaintiff, in a letter dated February 15, 1994, that his request was granted in part and that a segregated portion would be released when the review was completed. Although BATF completed the processing of the Plaintiff's request, it informed Plaintiff, in yet another letter dated February 23, 1994, that his FOIA request had been previously granted in part on February 15, 1994, on the premise that his criminal case would be adjudicated on that date. However, sentencing did not take place and the case was still considered open. BATF therefore explained that it would not release the records

until it received a copy of the court's disposition in Plaintiff's criminal case, together with payment of his past due bill.

Plaintiff again requested his records in a letter dated May 15, 1994. He stated that his conviction involved a plea agreement with a binding disposition, and that the conviction was therefore final. Plaintiff's letter, however, did not include a copy of the court's disposition. In response, the BATF Disclosure Branch sent Plaintiff a letter on May 23, 1994, which again explained that it would not process the request until (1) he paid his past due invoice, (2) he prepaid any new requests, and (3) his adjudication was final. To date, Plaintiff has failed to pay his past due bill or prepay the charges for the instant request.[2]

### III. *DISCUSSION*

Despite the extensive correspondence, Plaintiff has still not followed the applicable procedural requirements to obtain documents under the FOIA. The Freedom of Information Act itself requires that a request for disclosure is to be made in accord with an agency's published regulations. 5 U.S.C. § 552(a)(3)(B). Pursuant to its regulations, 31 C.F.R. § 1.7(a)(1)(iv), BATF has the authority to charge certain fees to cover the processing costs of a FOIA request. The BATF is also authorized, under 31 C.F.R. § 1.7(f)(2), to request prepayment before releasing the requested documents. In addition, 31 C.F.R. § 1.7(f)(4) requires a person who previously failed to pay a fee to pay the full amount owed plus any applicable interest, together with making an advance payment of the full amount of the new estimated fee, all before a new request is processed. It is not that Plaintiff is unfamiliar with the requirement that a requester pay for an earlier request before receiving information for a current request. See *Crooker v. United States Secret Service*, 577 F.Supp. 1218 (D.D.C.1983). The court there dismissed the action because Plaintiff failed to respond to the request for a $3.60 payment for a previous FOIA request. The current action is remarkably similar.

---

2. The record is not clear whether BATF has since received and/or accepted sufficient proof of the disposition of Plaintiff's criminal matter. However, it is not necessary that this question be resolved in order for summary judgment to issue as described below.

■ Fee waivers are, however, available. Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), fees may be waived or reduced when it is in the public interest, namely, when furnishing the information is likely to contribute significantly to public understanding of the operations or activities of the Government and is not primarily in the commercial interest of the requester. *See also* 31 C.F.R. § 1.7(d)(1). The burden is on the person seeking a fee waiver to establish that disclosure is in the public interest. *Carney v. United States Department of Justice*, 19 F.3d 807, 814 (2nd Cir.1994); *Norah Chase Ettlinger v. Federal Bureau of Investigation*, 596 F.Supp. 867, 874–75 (D.Mass.1984). That must be done with specificity and a sufficiently strong showing of meeting the public interest. *Ettlinger v. Federal Bureau of Investigation*, 596 F.Supp. at 874. Plaintiff, however, never provided sufficient details for his refusal to pay the fee.

■ In addition, 31 C.F.R. § 1.5(c)(7) requires that an initial FOIA request must either state the firm agreement of the requester to pay the fees for the search or request that such fees be waived and state the justification for the request. Here, Plaintiff did not request a fee waiver until *after* he was charged for search fees. While Plaintiff did not thereby comply with the specific requirements of 31 C.F.R. § 1.5(c)(7), the BATF Disclosure Branch still addressed Plaintiff's waiver request. BATF denied the request after determining that disclosure was not in the public interest and was not likely to contribute significantly to public understanding of the operations of the Government. The Court has conducted a de novo review of BATF's determination with reference to the record before the agency and concurs with BATF's decision denying Plaintiff's request for a fee waiver. *See Carney v. United States Department of Justice*, 19 F.3d at 814. *See also* 5 U.S.C. § 552(a)(4)(A)(vii).

■ The Court finds no exception that would allow the Plaintiff to withhold the payment due on his earlier request simply because he was in the process of appealing that fee. If Plaintiff is successful in his appeal, BATF can refund Plaintiff's money at that point. See *Irons v. Federal Bureau of Investigation*, 571 F.Supp. 1241, 1243 (D.Mass. 1983). BATF, however, is currently under no obligation to provide Plaintiff with the documents sought in his present FOIA request until Plaintiff makes the requisite payments of past due and current fees.[3] Until the Plaintiff pays BATF the required fees, this Court finds no support for compelling BATF to produce Plaintiff's requested records.

## IV. CONCLUSION

For the above reasons, this Court recommends the Defendant's motion for summary judgment be granted.[4]

Dated: February 15, 1995.

---

3. BATF's January 21, 1994, letter to Plaintiff estimated his costs for the requested information would not exceed $25. In a letter dated January 27, 1994, BATF states that the search fee would be $30.35. A small amount is also due for the prior FOIA request. Note that the minor amount in controversy plays no part in the Court's rationale and recommendation in this matter.

4. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See U.S. v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *U.S. v. Vega*, 678 F.2d 376, 379 (1st Cir.1982). *See also Thomas v. Arn*, 474 U.S. 140, 154–55, 106 S.Ct. 466, 474–75, 88 L.Ed.2d 435 (1985).